I

Jack Morgan, Plaintiff

v.

Fetterman, Helm, Wertman,
3 John Does, defendants

Table
of
Authorities

Constitution:                                                    Pg
  1st, 4th, 5th, 8th Amendments              1, 7, 8, 12, 22-27
Statutes:
  Administrative Procedures Act              1, 8, 28
  Rehabilitation Act of 1973                 1, 9, 29
Case Law: Turner v. Safley (S.Ct. 1987)      12
  Smith v. Shimp (7th Cir 1977)              13
  Canell v. Lightner (9th Cir 1998)          14
  Robinson v. Page (7th Cir 1999)            14
  Abu-Jamal v. Price (3rd Cir 1998)          14
  Miller v. California (S.Ct. 1973)          14
  Roth v. United States (S.Ct. 1957)         16
  Nolan v. Fitzpatrick (1st Cir 1971)        17
  Dewalt v. Carter (7th Cir 2000)            17
  Massey v. Johnson (7th Cir 2000)           17
  Calhoun v. Margone (5th Cir 2002)          20
  Witte v. Wisconsin DoC (7th Cir 2006)      20
  Siggers-El v. Barlow (ED Mich 2006)        20, 30
  Perez v. Gates (ND Cal. Sept 22, 2015)     20
  Jerra v. United States (CD Cal. Mar 29, 2018)  20

II

Pg

Paris Adult Theatre I v. Slaton (S.Ct. 1973)                    21

Stanley v. Georgia (S.Ct. 1969)                                21

Lewis v. Casey (S.Ct 1996)                                     23

Grimm v. Gloucester City Cty. Sch. Bd (4th Cir 2020)          24

Whitaker v. Kenosha Unified Sch. Dist. No. 1                  24

      Bd. of Educ. (7th Cir 2017)                              24

Karnoski v. Trump (9th Cir 2019)                              24

Gayton v. McCoy (7th Cir 2010)                               26

King v. Zamira (6th Cir 2015)                                 26, 30

Aref v. Lynch (D.C. Cir. 2016)                               26, 30

Winter v. Nat. Res. Def. Council Inc. (S.Ct.)                30, 41

Elrod v. Burns (S.Ct. 1976)                                   42

American Trucking Associations, Inc. v.                       42

      City of Los Angeles (9th Cir 2009)

Jolly v. Coughlin (2d Cir 1996)                               42

Newsom v. Norris (6th Cir 1989)                              42

Mitchell v. Cuomo (2d Cir 1984)                              42

McClendon v. City of Albuquerque (DNM 2003)                 42

Phelps-Roper v. Nixon (8th Cir 2008)                         43

Llewelyn v. Oakland County Prosecutor's Office (ED Mich 1975) 43

Elliot v. Kiesewetter (3d Cir 1996)                          44

Moltan Co. v. Eagle-Pitcher Industries, Inc. (6th Cir 1995)  44

Klebanowski v. Sheaham (7th Cir 2008)                        45

Farmer v. Brennan (S.Ct. 1994)                               45

III

|  | Pg |
| --- | --- |
| Romer v. Evans (S.Ct 1996) | 45 |
| Alishea Kingdom v. Donald Trump (D.C. Mar 2025) | 47 |
| K.C. v. Individual Members of the Medical Licensing Board of Indiana (7th Cir 2023) | 47 |

Contents:

| Complaint | 1 |
| --- | --- |
| Motion for Order Compelling Discovery | 11 |
| Law Memo, Supporting Complaint | 12 |
| Motion to Proceed In Forma Pauperis | 34 |
| ↳ 2 pg Account Summary Insert |  |
| Summons | 36 |
| Request for Appointment of Counsel | 37 |
| Order to Show Cause - Prel. Inj. & TRO | 39 |
| Law Memo. Supporting Prel. Inj. & TRO | 41 |
| Declaration supporting Prel. Inj. & TRO | 48 |
| Exhibit A: Manga Sample | 52 |
| Certificate of Service | 55 |

IV

Cover Letter:                                          11/25/25
Jack Morgan 90172-051
USP Terre Haute PO Box 33
Terre Haute, IN 47808

Greetings Clerk of Court,

    I am sending this suit in 4 parcels
to fit under the door and to minimize
losses. In prison I have had terrible rates
of mail delivery, mostly due to interference, which
is a strong argument by itself for giving prisoners
access to electronic filing. You will see from the
complaint that I'm currently facing retaliation severe
enough to hinder my ability to litigate (hence this
handwritten original), but I am doing the best I
can under the circumstances so please be patient
with me.

    I appreciate your careful handling of the
enclosed complaint. It is the product of weeks
of work. May the Lord bless and keep you.

    I last wrote on 11/6/25 requesting forms
and rules of procedure, but have received no ~~rep~~
response.

    Humbly Submitted in Christ,

Eastern District of Pennsylvania

Jack Morgan, plaintiff

v.

Fetterman, Helm, Wertman,
  3 John Does, defendants

Complaint with
  Jury Demand
Civil Action No.

## I. Jurisdiction and Venue

1. This is a civil action authorized by Bivens to redress the deprivation, under color of federal law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 USC Section 1331 and 1343(a)(3). Plaintiff seeks declaratory pursuant to 28 USC Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 USC Section 2283 & 2284, Rule 65 of the Federal Rules of Civil Procedure, the Administrative Procedures Act, and the Rehabilitation Act of 1973.

2. The Eastern District of Pennsylvania is an appropriate venue under 28 USC Section 1391(b)(2) because it is where the events giving rise to this claim occured.

## II. Plaintiff

3. Plaintiff, Jack William Morgan, was at all times mentioned herein a prisoner of the Federal Bureau of Prisons. Morgan is currently confined in USP

Terre Haute in Terre Haute, IN. Morgan is a gender-nonconformist whose artwork by and large reflects transgender themes.

III. Defendants

4. Defendant Wertman is the Associate Warden of USP Allenwood. He is legally responsible for failing to take corrective action when the acts committed by his subordinates were brought to his attention.

5. Defendant Fetterman ~~is~~ is a unit officer at USP Allenwood. He is responsible for the initial unlawful of the plaintiff's artwork.

6. Defendant Helm is a lieutenant at USP Allenwood. He led the team that seized the plaintiff's artwork in retaliation for the plaintiff utilizing the administrative remedy process to address the initial unlawful seizure.

7. Defendants 3 John Does formed the strike team that unlawfully seized the plaintiff's art under orders from Lt. Helm. Their ranks and identities (2 men and one woman) are unknown.

8. Each defendant is sued individually and in their official capacities. At all times mentioned in this complaint, each defendant acted under color of federal law.

IV. Facts

9. On 3/13/24 at approximately 8:30-9:30 am, Officer Fetterman entered cell 11C, Unit 3b and took about 50 pages of the plaintiff's personal, original manga (Japanese style comic) artwork. The plaintiff was outside the unit at the time, but when the plaintiff returned, the plaintiff approached Fetterman and his coworker about the seizure. Officer Fetterman yelled at the plaintiff to "Get the fuck out!" and was unwilling to discuss the matter.

10. On 3/18/2024, the plaintiff filed a BP-8 administrative remedy with counselor Sura about the incident, initiating the administrative remedy (AR) process.

11. On 4/10/2024 at approximately 7-8 pm, Lt. Helm and at least 3 other officers entered cell 11C, unit 2A, and took 110 pages of personal original artwork. The plaintiff was at the gym at the time with inmate Castillo. Three officers stopped inmate Castillo and the plaintiff outside the gym and searched both inmates' belongings. Inmate Castillo had pornography in his possession, which the officers discovered and set aside without seizing, saying, "We don't care about that."

When the plaintiff returned to the unit to find their art missing, the plaintiff asked Lt. Helm about the missing art and Helm said he would review the pages for appropriateness.

12. On 4/17/2024, the plaintiff filed a BP-8 about Helm taking the plaintiff's art, proceeding through to a BP-11 and exhausting the AR process, which failed to produce corrective action. The plaintiff's inquiries regarding the earlier BP-8 on Fetterman reveal that the AR was "lost" by counselor Jura, who thwarted the plaintiff's access to the AR process.

13. On 4/12/24, the plaintiff spoke to Associate Warden Wertman and sent him an email about resolving the situation. Wertman responded, "You probably won't get that back," (implying destruction). The plaintiff has spoken with Wertman on 3 separate occasions, proposing various solutions, but no corrective action has resulted. This theft and destruction of the plaintiff's art has chilled their 1st Amendment protected freedom of expression.

14. The plaintiff sent 2 letters, one to the FBOP general counsel at the regional office and one to the US Attorney, and one email to the Warden requesting preservation of the camera footage of the incidents and proposing a list of solutions to the situation, including returning the stolen property. The letters were sent on 4/17/24 and the email on 5/7/2024. No response has been received to these messages.

15. BOP policy requires that a receipt be given for every confiscated item as well as the opportunity to send seizures to an outside address (like ABO Comix, the plaintiff's publisher), neither of which occured. Combined with the destruction of the plaintiff's AR, this reveals an "under the table" approach by the defendants that does not accord with law or policy.

16. The plaintiff's original artwork is the plaintiff's own property to which the plaintiff has the sole right of ownership, while the defendants have no right of ownership.

17. The plaintiff's artwork is a form of expression protected by the 1st Amendment of the United States Constitution and as such it's seizure is unlawful under the 4th Amendment. The seizure and probable destruction of the plaintiff's art has chilled the plaintiff's 1st Amendment rights by discouraging further expression.

18. On 5/24/2024, in a response to a BP-9 Warden Christensen claimed that the artwork was seized because it was sexually explicit. Exhibit A, redrawn from memory, is a sample of the 150+ pages that were seized and is representative of the plaintiff's art. No reasonable person would conclude that it is sexually explicit.

19. On 10/2/25, the plaintiffs art was again seized following the plaintiff's filing of a civil action against federal officials at USP Terre Haute where the plaintiff is currently confined. In addition, the plaintiff's ~~filing~~ property was destroyed and the plaintiff was moved to isolation where they are currently awaiting a retaliatory transfer to an active yard. This repetition of the unlawful seizure indicates that across multiple institutions seizure and or destruction of the plaintiff's art is a knee-jerk retaliatory response to 1st Amendment protected expression.

20. The plaintiff had reproduced from memory about 80 pages of the manga in question for submission as evidence in this suit. Their recovery is crucial to show that the content of this art passes the Turner Test (see motion to Compel Discovery). This 3rd Seizure of the art in question obstructs justice by preventing it from being entered in this case as evidence.

21. Absent injunctive and declaratory relief, it is reasonable to conclude that these violations will continue to occur as a way to retaliate against the plaintiff for 1st Amendment protected forms of expression.

I. Legal Claims
    Constitutional:
22. 1st Amendment - By confiscating/stealing the plaintiff's art multiple times in concert, the defendants have chilled Morgan's 1st Amendment right to freely express themselves through their art.
23. 4th Amendment - As the plaintiff's art is protected under the 1st Amendment, the seizure of said art is unlawful, violating the 4th Amendment's prohibition against unlawful seizure, constituting excessive use of force.
24. 5th Amendment - Morgan was not provided with any due process and the plaintiff's due process was hindered by the thwarting of the AR process. The retaliation Morgan suffered as a result of filing an administrative remedy also chilled Morgan's ~~5th~~ due process by hindering access to the courts. Morgan was never issued an incident report or a receipt for what was seized, nor was the plaintiff allowed an opportunity to send the art out, all of which constitute violations of due process.
25. 14th Amendment - The Equal Protections clause has been extended to the 5th Amendment by the Supreme Court. By passing up ~~regular~~ heteronormative pornography and seizing Morgan's trans-affirming artwork, the defendant's discriminated against transgender

content that was not explicitly sexual in favor of heteronormative pornography that was, revealing the untruth of their stated justification. This discrimination on the basis of sex or gender is a violation of the Equal Protections clause.

26. 8th Amendment - Intentional Infliction of Emotional Distress violates the cruel and unusual punishment prohibition. The destruction of Morgan's art was devastating to the artist, serves no legitimate penalogical purpose, and was done maliciously with the intent to inflict harm.

Statutory:

27. Administrative Procedures Act (APA), 5 USC § 500 - 596.
&706 - Contrary to Constitutional Right, power, privilege or immunity against agency defendants

In the Constitutional violations outlined above, the defendants have violated the provisions of the APA. Therefore, their actions are unlawful.

28. APA 5 USC § 500 - 596 & 706 - Arbitrary and capricious, unlawful, and unconstitutional agency action against agency defendants

The defendants' decision to confiscate Morgan's art and not Castillo's pornography shows that the proposed justification for the seizure, "sexually explicit", is not factual. In fact officers knowingly overlooked sexually explicit content

in order to target artwork with transgender characters and themes. The defendants' actions are unsupported by any reasonable explanation, and therefore are arbitrary and capricious.

29. Rehabilitation Act of 1973, Section 504

Gender dysphoria is a serious medical condition that qualifies as a disability. The treatment for gender dysphoria is to adopt expressions of the sex with which one identifies, according to the World Professional Association for Transgender Health (wpath.org/publications/soc8). By denying the plaintiff the ability to express their gender diversity through art, the defendants are also denying the plaintiff treatment for a serious medical condition and discriminating against them based on disability.

## VI. Prayer for Relief

Wherefore, plaintiff humbly prays that this court enter judgment granting plaintiff:

30. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

31. A preliminary and permanent injunction ordering the defendants and their replacements to allow the plaintiff to express themselves through their art

without seizure or interference (e.g. confiscating or denying access to art supplies) in accordance with the provisions of the 1st Amendment.

32. Compensatory damages in the amount of $150,000.00 against each defendant, jointly and severally.

33. Punitive damages in the amount of $80,000.00 against each defendant, jointly and severally.

34. A ~~trial~~ jury trial on all issues triable by jury.

35. Plaintiff's costs in this suit.

36. Any additional relief this court deems just, proper, and equitable.

Dated: 11/20/2025

Humbly submitted: _Jack Morgan_

Verification:

    I have read the foregoing complaint and hereby verify that the matters alleged therein are true upon information and belief. I certify under penalty of perjury that the foregoing is true and correct.

Signed: _Jack Morgan_

Dated: 11/20/25

Executed at: USP Terre Haute PO Box 33
            Terre Haute, IN 47808

Eastern District of Pennsylvania                    11 of 55

Jack Morgan, plaintiff

        v.                          Motion for an Order
Helm, Fetterman, Wertman,           Compelling Discovery
    3 John Does, defendants         Civil Action No.


        Plaintiff moves this court for an order pursuant
to Rule 37(a) of the Fed. R. Civ. P. compelling the
defendants and their successors to produce for
inspection and copying the manga entitled "Hidden
Love," which is an original creation of the plaintiff.
Plaintiff submitted a written request for these ~~does~~
documents on 4/12/2024 to Wertman and on 5/7/2024
to Christensen, but has not yet received the
documents.


                    Dated: 11/20/2025
                    Signed: ~~Ecut~~ _____
                        Jack Morgan 90172-051
                        USP Terre Haute Po Box 33
                        Terre Haute, IN 47808

Memorandum of Law Supporting Complaint

Constitutional:
1. 1st Amendment
   A. Turner Test
      The Turner test (Turner v. Safley 482 US 78 (1987))
is the standard for challenging policies that govern the content
of *published* materials allowed in prison and consists of 3
questions:
   1. Is the regulation reasonably related to a legitimate,
neutral government interest?
   2. Does the regulation leave open another way
for the prisoner to exercise their constitutional
rights?
   3. How does the regulation impact other prisoners,
prison guards or officials, and prison resources?

   In a response to an administrative remedy the
warden, Christensen, claimed that the art work in
question, a 110 page manga drawn by the plaintiff
entitled Hidden Love, was "sexually explicit" and thus
prevented by policy. The title of the manga derives
from the book of Proverbs in the Bible, "Open rebuke
is better than hidden love," which the manga (Japanese
style comic) interprets as a journey from love hidden to
love expressed as lived by the two main characters—
a transgender woman and a cisgender man. The

INDIANAPOLIS IN 460
28 NOV 2025 PM 7 L

US District Court
Eastern District of PA
601 Market St, Rm 2609
Philadelphia, PA
19106-1797

U.S.M.S.
X-RAY

INMATE
IDENTIFICATION
CONFIRMED
NOV 2 4 2025

19106-179699

Legal
Mail

Jack Morgan 90172-051
United States Penitentury
PO Box 33
Terre Haute, IN
47808

FOREVER USA
PURPLE HEART

FEDERAL CORRECTIONAL COMPLEX
4700 BUREAU ROAD SOUTH
TERRE HAUTE, IN 47802
DATE:_____

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has not been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.